IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL D. PHARES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-821-SLR |
| | ) |
| CONTRACTED MEDICAL SERVICES, | ) |
| DR. ROGERS, and NURSE | ) |
| PRACTITIONER IOHMA, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 2nd day of December, 2009, having considered plaintiff's motion for appointment of counsel and defendant's motion to extend the scheduling order as well as the papers submitted in connection therewith;

IT IS ORDERED that: (1) plaintiff's motion for appointment of counsel (D.I. 15) is denied without prejudice to renew; and (2) defendant's motion to extend (D.I. 28) is granted for the reasons that follow:

1. **Appointment of Counsel.** Plaintiff, a pro se inmate presently incarcerated at the Howard R. Young Correctional Institution, filed this 42 U.S.C. § 1983 action alleging defendants were deliberately indifferent to his serious medical needs. (D.I. 2) Plaintiff has filed a motion for appointment of counsel, asserting that: (1) the issues at bar are complex; (2) he has limited knowledge of the law; (3) the case may require expert

testimony; (4) he has limited access to the law library; and (5) he has only a high school education. (D.I. 15) Defendant has not filed a response to plaintiff's motion.

2. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. See Ray v. Robinson, 640 F. 2d 474, 477 (3d Cir. 1981); Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984); accord Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.

Tabron, 6 F.3d at 155-57; accord Parham, 126 F.3d at 457; Montgomery v. Pinchak, 294 F.3d 492, 499 (3d Cir. 2002).

4. Having reviewed plaintiff's request in light of the aforementioned authority, the court finds that appointment of counsel is not warranted at this time. The record

reflects various papers and pleadings submitted by plaintiff that demonstrate an ability to coherently present his claims and requests for relief. (*See, e.g.*, D.I. 17, 18, 19) Further, the legal issues at bar are not so complex that plaintiff's averred inability to marshal persuasive arguments will hamper the court from evaluating the facts and applying the law. Plaintiff's motion for appointment of counsel may be renewed after the resolution of any pending motions for summary judgment.

5. **Motion to Extend Scheduling Order**. Although the parties have engaged in written discovery, defendants submit that plaintiff's initial refusal to execute a medical records authorization and to answer certain interrogatories have delayed their ability to obtain plaintiff's medical records until just before the discovery deadline expired. (D.I. 28) Defendants request an extension of the discovery deadline to depose plaintiff and amass a more complete record for dispositve motion purposes. Plaintiff has not filed a response to defendants' motion. The record reflects an April 30, 2009 scheduling order that directed the parties to complete discovery by August 31, 2009. (D.I. 15) The record also reflects that the parties have complied with the order by requesting and exchanging discovery. (D.I. 17-27) In light of the initial delays, defendants' motion is reasonable and a means to promote judicial economy. Accordingly, the scheduling order is amended as follows:

    a. **Discovery.** All discovery in this case shall be initiated so that it will be completed on or before **February 12, 2010**.

    b. **Deposition of Plaintiff**. Defendants are granted leave to depose plaintiff before **February 12, 2010.**

3

c. **Application by Motion**. Any application to the court shall be by written motion filed with the Clerk. Unless otherwise requested by the court, the parties shall **not** deliver copies of papers or correspondence to chambers.

d. **Summary Judgment Motions**. All summary judgment motions and an opening brief and affidavits, if any, in support of the motion, shall be served and filed on or before **March 12, 2010**. Answering briefs and affidavits, if any, shall be filed on or before **April 12, 2010**. Reply briefs shall be filed on or before **April 26, 2010**.

			United States District Judge